11th Circuit United States District Court

Middle District of Florida

Ocala, Florida Division

James F. Lewis

   Plaintiff

v.                  CIVIL ACTION NO. *5:24-cv-13 MMHPRL*

Bradley Arnold, Randy Mask,

Oren Miller, Gary Search,

Doug Gilpin, Garry Breeden,

Craig Estep, Samantha Daley,

Sharon Carruthers, Leslie Smith,

Rachel Baggett, William Merritt, Detective Hart

Detective Knight, Angela Velez,

Sumter County Florida

    Defendants.

Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (non-prisoners)

Plaintiff Demands A Jury Trial

Verified Civil Complaint

**"The First Amendment Gives You Freedom Of Speech, Not Freedom To Silence Others That Offend You."**

## PLAINTIFF ALLEGES AS FOLLOWS:

This is a complaint for damages based upon federal civil rights and state constitutional rights violations committed by the Defendants' and its respective officials, uniformed peace officers, employees, and/or agents. This case is brought pursuant to 42 U.S.C. § § 1983, 1988 and Florida state law. Federal jurisdiction is based upon 28 U.S.C. § § 1331, 1343 (a)(l-4). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

## JURISDICTION

1.    Plaintiff brings this case pursuant to 42 U.S.C. § § 1983, 1988 and Florida state law. Jurisdiction is based upon 28 U.S.C. § § 1331, 1343 (1-4)" Supplemental jurisdiction exists over the state claims and Defendants pursuant to 28 U.S.C. § 1367.

## VENUE

2.   The claims alleged herein arose from events or omissions that occurred in Sumter County, Florida. Therefore, venue lies in the Middle District 0f Florida pursuant to 28 U.S.C. § 1391 (b)(2).

# PARTIES

## *Plaintiff*

3.    Plaintiff JAMES F. LEWIS ("Mr. Lewis") was a resident and private citizen of the State of Florida at all times material to this Complaint.

## *Defendants*

4.    Plaintiff is informed, believes, and thereupon alleges that Defendant BRADLEY ARNOLD ("Defendant Arnold") was at all times material herein a supervisor and acting under color of law within the course and scope of his employment and office as the County Administrator for Sumter County Florida. He is being sued in his individual capacity.

5.    Plaintiff is informed, believes, and thereupon alleges that Defendant RANDY MASK ("Defendant Mask") was/is at all times material herein acting under color of law within the course and scope of his elected office as the Tax Collector for Sumter County Florida.  He is being sued in his individual capacity.

6.    Plaintiff is informed, believes, and thereupon alleges that Defendant OREN MILLER ("Defendant Miller") was at all times material herein acting under color of law within the course and scope of his office as an elected County Commissioner for Sumter County Florida.  He is being sued in his individual capacity.

7.    Plaintiff is informed, believes, and thereupon alleges that Defendant GARY SEARCH  ("Defendant Search") was at all times material herein acting under color of law within the course and scope of his office as an elected County Commissioner for Sumter County Florida.  He is being sued in his individual capacity.

8.    Plaintiff is informed, believes, and thereupon alleges that Defendant DOUG GILPIN ("Defendant Gilpin") was at all times material herein acting under color of law within the course and scope of his office as an elected County Commissioner for Sumter County Florida.  He is being sued in his individual capacity. Defendant Gilpin is now a resident of Citrus County, Florida.

9.    Plaintiff is informed, believes, and thereupon alleges that Defendant GARRY BREEDEN ("Defendant Breeden") was at all times material herein acting under color of law within the course and scope of his office as an elected County Commissioner for Sumter County Florida.  He is being sued in his individual capacity.

10.    Plaintiff is informed, believes, and thereupon alleges that Defendant CRAIG ESTEP  ("Defendant Estep") was/is at all times material herein acting under color of law within the course and scope of his office as an elected County Commissioner for Sumter County Florida.  He is being sued in his individual capacity.

11.    Plaintiff is informed, believes, and thereupon alleges that Defendant

SAMANTHA DALEY ("Defendant Daley") was at all times material herein acting under color of law within the course and scope of her employment as an Office Supervisor for Tax Collector of Sumter County Florida. She is being sued in her individual capacity.

12. Plaintiff is informed, believes, and thereupon alleges that Defendant SHARON CARUTHERS ("Defendant Caruthers") was at all times material herein acting under color of law within the course and scope of her employment as an Office Manager for Tax Collector of Sumter County Florida. She is being sued in her individual capacity.

13. Plaintiff is informed, believes, and thereupon alleges that Defendant RACHEL BAGGETT ("Defendant Baggett") was at all times material herein acting under color of law within the course and scope of her employment and office as an employee for Tax Collector of Sumter County Florida. She is being sued in her individual capacity.

14 Plaintiff is informed, believes, and thereupon alleges that Defendant LESLIE SMITH ("Defendant Smith") was at all times material herein acting under color of law within the course and scope of her employment and office as a Records Management Liaison Officer for Sumter County Florida. She is being sued in her individual capacity.

15.    Plaintiff is informed, believes, and thereupon alleges that Defendant WILLIAM MERRITT ("Defendant Merritt") was at all times material herein acting under color of law within the course and scope of his employment and office as an Asst. Director of Communications for Sumter County Florida. He is being sued in his individual capacity.

16.    Plaintiff is informed, believes, and thereupon alleges that Defendant DETECTIVE KNIGHT ("Defendant Knight") was at all times material herein acting under color of law within the course and scope of his employment and office as a Detective for the Sumter County Florida Sheriff's Office for Sumter County Florida.  He is being sued in his individual capacity.

17    Plaintiff is informed, believes, and thereupon alleges that Defendant DETECTIVE HART ("Defendant Hart") was at all times material herein acting under color of law within the course and scope of her employment and office as a Detective for the Sumter County Florida Sheriff's Office for Sumter County Florida.  She is being sued in her individual capacity.

18.    Plaintiff is informed, believes, and thereupon alleges that Defendant ANGELA VELEZ  ("Defendant Velez") was at all times material herein acting under color of law within the course and scope of her employment and office as a Law Enforcement Officer for the City of Wildwood Florida in Sumter County Florida.  She is being sued in her individual capacity.

19.    All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in Sumter County, State of Florida, and the corporate and/or entity Defendants, and each of them, are residents of Sumter County, State of Florida, and/or have their principal place of business in said County and State, and/or are doing business in said County and State. Defendant Gilpin is a resident of Citrus County, Florida.

20.    Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by Sumter County were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Sumter County, and under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Defendants and Defendant County by and through their policy makers, decision makers, officials, officers, and/or supervisors. Defendant Velez is an employee of Wildwood Florida Police Department.

21.    Plaintiff is informed, believes, and thereupon alleges that elected officials, supervisors, policy makers, and other individuals with the authority to set or modify municipal and/or departmental policy, de jure or de facto, of Sumter County and/or Defendants, participated in, approved of, ratified, and/or failed to prevent the acts by all Defendants of which Plaintiff complains herein.

22.    Plaintiff is informed, believes, and thereupon alleges that at all times herein mentioned, each of the Defendants-including officials, supervisors, and other

policy makers from Sumter County and Defendants and their agents-was the agent, employee, or co-conspirator of one other, some, or all of their Co-Defendants. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Mr. Lewis of his respective rights to privacy, freedom of expression, security in person and effects,  freedom from unreasonable searches and seizures, and due process of law, among others described herein. Each and all of the things done by each Defendant against Plaintiff, as mentioned in this entire Complaint, were done, partially if not entirely, because of Mr. Lewis' expressive conduct. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a de facto policy  and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### *May 06, 2021*

23.    On or about May 06, 2021 at The Villages - Sumter County Public Safety Center on 7375 Powell Road Wildwood Florida, Defendants phoned emergency 911 because Plaintiff was engaged in expression of his 1st & 14th Amendment rights to gather matters of public interest and legally filming his encounters with Sumter County public servants. Defendant Smith and Law Enforcement informed Defendants that Mr. Lewis had a right to film in public "because there is no expectation of privacy in public."

24.   Defendant Daley was informed by a Wildwood Fl. Policeman "that if he (Mr. Lewis) tried to enter a restricted area, then we can get him for trespass" or words to that effect. Daley replies "that's good to know," which comes into play on May 07, 2021.

25.   Defendant Smith notified Defendant Arnold via email of the Mr. Lewis' legal and lawful activities which are protected by the 1st & 14th Amendment freedom of speech and freedom of the press, and the right to gather information.

25.   Defendant Arnold commits the overt act of commencing the conspiracy and deprivation of rights by involving and notifying Defendants Mask, Gilpin, Breeden, Miller, Estep and Search that if Mr. Lewis returns to exercise his 1st and 14th Amendments rights of gathering matters of  public concern (public records request) he would "issue a trespass" against Mr. Lewis without warrant, reasonable suspicion or probable cause, due process of law and denying equal protection which would be an unreasonable search and seizure under the 4th and 14th Amendments.

26.   Defendant Mask verifies via email while acting under color of law commits the overt act of violating Mr. Lewis's 4th Amendment right by unreasonably and without warrant, reasonable suspicion or probable cause, search for and seize Mr. Lewis's name and phone number to further their illegal conspiracy to violate Plaintiffs expectation of privacy rights, 1st Amendment right to free speech, freedom of the press and redress of government.

27.  Defendant Mask commits the overt act to further the conspiracy and deprivation of rights against Mr. Lewis by conspiring via email with Defendants Daley and Carruthers to "notify him or Arnold" ASAP if Plaintiff returns to gather information via a public records request which is available to all citizens of Florida.

28.  Defendant Daley commits the overt act of conspiracy via email to Defendants Mask and Caruthers to further the  conspiracy and deprivation of rights against Mr. Lewis  that confirms that they are in full support to violate his rights if he  request public records.

## *May 07, 2021*

29.  Defendant Arnold commits the overt act to further the conspiracy and deprivation of rights against Mr. Lewis via email to Defendant Mask requesting the  Plaintiffs personal information., which Defendant Mask acquired by unreasonable search and seizure, without warrant, or probable cause of a crime to further their conspiracy and deprivation of rights. Defendant Arnold confirms to Mask that he has a "letter ready to launch" for a trespass against Mr. Lewis if Mr. Lewis returns to gather information via a public records request denying Mr. Lewis due process of law and equal protections of law. 1st, 4th, and 14th Amendment violations.

30.  Defendant Mask commits the overt act to further the conspiracy and deprivation of rights against Mr. Lewis via email supplying the name and phone number of Mr. Lewis to Defendant Arnold which is an invasion of Mr. Lewis's right to be free from government intrusion into Mr. Lewis's personal matters and

private life. 4th Amendment violation.

31.    Defendant Arnold commits the overt act to further the conspiracy and deprivation of rights against Mr. Lewis by requesting via email from Defendant Smith to commit the overt act of unreasonably without warrant, reasonable suspicion , probable cause, due process of law and equal protection of the law to search and seize personal information of Mr. Lewis which is a violation of the Plaintiffs 1st, 4th and 14th amendment rights. In furtherance Defendant Arnold conspires with Defendant Smith to "prepare a draft of trespass letter" if Mr. Lewis returns to request public records and gather information of public concern and interest without government intrusion of life and liberty.

32.    On the morning of May 07, 2021 Mr. Lewis believed that after the events and actions of May 06, 2021 that he would go unmolested in his efforts of engaging in the protected activity of a public records request. Mr. Lewis was wrong.

33.    Defendant Caruthers committed the overt act of maliciously and with bad faith demanding that Mr. Lewis would only be able to view public records located in the Tax Collectors office hallway if he made an appointment, which does not fall into the Legislative scheme of the 1st and 14th Amendments to the U.S. Constitution, Florida Constitution and Florida State Statutes.

34.    While Mr. Lewis participated in protected activities standing in the lobby area of the public building by the Sumter County Tax Collectors office, he was met with contempt and verbally abused by Defendant Daley who was causing a public

disturbance by yelling "you cannot go in there" (using the suggestion from the Wildwood Police Officer on May 06 to support trespass) which startled Mr. Lewis because he never attempted to enter any offices of the building that were restricted. There were no posting stating such as "Restricted Area," "Employees Only,"  "No Trespassing" or any other such warnings prohibiting entry to view the public records available to the general public. Defendant Daley refused my public record request and refused to identify herself while furthering the conspiracy and deprivation of rights. 1st and 14th Amendment violation of gathering information of public concern, due process of law and equal protection of the law.

35.   Defendant Arnold commits the overt act of contacting by phone the Assistant Director of Communications for Sumter County, Defendant Merritt. Defendant Arnold falsely and maliciously reported that Mr. Lewis was "trespassing" which is a false report of a crime to law enforcement officers. Mr. Lewis was never issued a trespass warning prior to Defendant Arnolds' false report. 4th and 14th Amendments right to be free from government intrusion into Mr. Lewis' personal matters, denying due process of law and equal protections of law.

36.   Defendant Arnold commits the overt act of conspiracy and deprivation of rights by falsely filing a police complaint to Defendants Knight, Hart, and Velez that Mr. Lewis "tried to enter" a restricted area. 1st, 4th and 14th Amendment rights denying Mr. Lewis to be free from government intrusion into personal matters, right to gather government information, denying due process of law and equal protections of the law.

37.  Due to the but-for cause of the conspiracy Plaintiff suffered an unreasonable detainment by Defendants Knight, Hart and Velez without warrant, reasonable suspicion of a crime, probable cause or arguable probable cause of any crime. I explained to Knight and Hart that I was engaged in the legitimate business of a public records request. Both accepted Arnolds false trespassing complaint without any investigation whatsoever. 1st, 4th and 14th Amendments right to be free from government intrusion into Mr. Lewis' personal matters, denying due process of law and equal protection of law while gathering information of public interest.

38.  The Wildwood Police officers on scene issued a verbal trespass warning and was informed that "if you ever come back here at this location you will be arrested for trespass." Detectives Knight and Hart gave Mr. Lewis a verbal trespass warning also.

39.  These above genuine material facts are backed up with verifiable evidence to prove genuine material facts of conspiracy and deprivation of rights against Mr. Lewis by all Defendants.

## DAMAGES

40.  Each of the aforementioned acts by each Defendant directly and proximately caused Mr. Lewis to suffer the following: violation of civil rights, loss of freedom of expression, loss of enjoyment of freedom of expression, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to

physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury, pain and suffering, and great and extreme mental anguish.

41.    Plaintiff endures, and continues to endure, substantial mental anguish due to each and every act and omission of all Defendants. The conspiracy is ongoing as of the date complaint will be filed. To this day Defendants deny any and all acts of their conspiracy and deprivation of rights committed against Mr. Lewis.

## CLAIMS FOR RELIEF
***

## FIRST CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### First Amendment (Free Speech)
### By Plaintiff Against the Defendants

42.    Plaintiff incorporates all paragraphs, as though fully set forth herein.

43.    This cause of action arises under 42 U.S.C. § 1983, wherein Mr. Lewis seeks to redress a deprivation under color of law of a right, conspiracy against rights, privilege, or immunity secured to him by the First Amendment to the United States Constitution.

44.     The First Amendment guarantees Plaintiffs freedom of speech and

expression permitting Plaintiff to, inter alia, freely and lawfully express opinions, ideas and gather information of government activities without fear of reprisals. This expression may be accomplished verbally, demonstratively, and/or symbolically.

45.    All of the acts complained of herein were retaliatory and directed toward Mr. Lewis because of his statements, filming and requesting information. The Defendants chilled and deterred such expression by performing and threatening the conduct complained of herein.

46.    Acting with malice and oppression, the Defendants acted deliberately and in bad faith to intimidate, oppress, threaten and silence Mr. Lewis.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**Fourteenth Amendment (Substantive Due Process/Equal protection of the law.**

**By Plaintiff Against the Defendants**

47.     Plaintiff incorporates all paragraphs, as though fully set forth herein.

48.    This cause of action arises under 42 U.S.C. § 1983, wherein Mr. Lewis seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourteenth Amendment to the United States Constitution.

49.    The Fourteenth Amendment guarantees Plaintiff substantive due process of

Law and equal protection of the Law.

50.    The complained of acts of Defendants were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

51.    The acts of Defendants were retaliatory, fraudulent, deliberate, and in contemplation of intimidating Mr. Lewis. The Defendants acted with malice and oppression. Mr. Lewis was detained based upon a fabricated police complaint, prepared by government agents, under the guise of their sworn duty as agents of the law.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### Fourth Amendment (Unlawful Seizure & Search)
### By Plaintiff Against the Defendants

52.  Plaintiff incorporates all paragraphs, as though fully set forth herein.

53.  This cause of action arises under 42 U.S.C. § 1983, wherein Mr. Lewis seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourth Amendment to the United States Constitution.

54.   The Fourth Amendment protects Mr. Lewis from an unreasonable search and seizure.

## *Unlawful Seizure*

55.   The unlawful seizure and detention of Mr. Lewis by the Defendants were without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Lewis' Fourth Amendment rights.

## *Unlawful Searches*

56.   The unlawful searches for Mr. Lewis's name, phone number and address were without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Lewis' Fourth Amendment rights.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. §§ 1983, 1988)
### Conspiracy to Violate Civil Rights
### By Plaintiff Against the Defendants

57.   Plaintiff incorporates all paragraphs, as though fully set forth herein.

58.   This cause of action arises under 42 U.S.C. §§ 1983 and 1988, wherein

Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

59.    Defendants, and each of them, functioned as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Mr. Lewis's civil rights afforded under the United States Constitution, Federal Statutes, Florida Constitution and Florida Statutes.

60.    Among other things, the Defendants acted in conspiracy and with agreement, permission, ratification, and approval of their joint conduct to (1) unlawfully trespass Mr. Lewis without probable cause or reasonable suspicion; (2) unlawfully detain Mr. Lewis without probable cause or reasonable suspicion; (3) unlawfully search for Mr. Lewis' personal information unreasonably without warrant, probable cause or reasonable suspicion; (4)  collaborate to fabricate and advance false police reports resulting in the illegal detainment and illegal trespass warning against Mr. Lewis.

## FIFTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### Unconstitutional Policy, Custom, or Procedure (Monell)

### By Plaintiff Against Defendant County

61.    Plaintiff incorporates all paragraphs, as though fully set forth herein.

62.    This cause of action arises under 42 U.S.C. § 1983, wherein Mr. Lewis seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

63.    Defendant County violated Mr. Lewis' constitutional rights, as alleged supra by creating and maintaining the following unconstitutional customs and practices, inter alia: (i) Plaintiff alleges that Defendant County has a de facto policy, custom, and/or practice of harassing, intimidating, and threatening to arrest and arresting persons who exercise their First Amendment rights of freedom of expression  (ii) Plaintiff alleges that Defendant County has a de facto policy, custom, or practice of inadequately investigating their employees upon complaints of misconduct or Claims for Damages involving  (iii) Plaintiff  alleges that Defendant County has a de facto policy, custom of failing to discipline, failing to investigate, and of retaining, personnel who falsely detain persons in violation of constitutional rights;  (iv) Plaintiff alleges that Defendant County has a de facto policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining personnel who upon persons with whom they come into contact in violation of constitutional rights.

64.    Defendant County's policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Plaintiff's constitutional rights at issue in this case.

65.    Plaintiff is informed, believes, and thereupon alleges that these policies,

practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant County, by and through its decision makers, the Defendant Sumter County Commissioners named.

66.    The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Lewis.

67.    Plaintiff specifically alleges that Defendant County's policy, custom, and/or practices, as described herein, were within the control of Defendant County and within the feasibility of Defendant County, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Mr. Lewis.

## SIXTH CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
**Failure to Train, Supervise, Discipline, or Correct (City of Canton)**
**By Plaintiff Against Defendant Sumter County, Florida**

68.    Plaintiff incorporates all paragraphs, as though fully set forth herein.

69.    This cause of action arises under 42 U.S.C. § 1983, wherein Mr. Lewis seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

70.    Defendant County violated Mr. Lewis's constitutional rights, as alleged supra, by creating and maintaining the following unconstitutional customs and practices, inter alia: (i) Plaintiff is informed, believes, and thereupon alleges that Defendant County has ample reason to know, based upon police reports, that officers and/or employees engaged in the misdeeds set forth in this entire complaint; (ii) Plaintiff is informed, believes, and thereupon alleges that Defendant County has failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the County as to the legal requirements and protections applicable to persons as set forth in the United States and Florida Constitutions, and other laws; and (iii) Plaintiff alleges that these failures amount to a de facto policy and are intentional and/or the result of deliberate indifference on the part of Defendant County, by and through its decision makers. These include, but are not limited to, Defendant County and its subordinates, as necessary to further these improper policies, practices, customs, and procedures.

71.    The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Lewis.

72.    Defendants acted in a supervisory capacity with respect to the incidents involving Mr. Lewis. In that capacity, Defendant County Commissioners acted intentionally, maliciously, in conscious disregard, and/or with deliberate indifference to the rights of Mr. Lewis. Plaintiff is informed, believes, and thereupon alleges that Defendant Commissioners acted in this manner, at least in

part, to avoid liability and financial exposure for the County and to maintain their reputation and the reputation of Sumter County.

73.     These supervisory failures of Defendant County and Defendant County Commissioners directly caused and contributed to Mr. Lewis' damages.

74.     Plaintiff specifically alleges that Defendant County and Defendant County Commissioners and County's policy, custom, and practice, as described supra, was within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiffs.

## SEVENTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### By Plaintiff Against the Defendants

75.     Plaintiff incorporates all paragraphs, as though fully set forth herein.

76.     This claim arises under the general laws of the state of Florida.

77.     Plaintiff has complied with the Florida Laws.

78.     As a proximate result of Defendants' deliberately indifferent, shocking and oppressive acts and/omissions as alleged throughout this entire complaint,

Defendants caused Mr. Lewis to suffer severe emotional distress, thereby harming Mr. Lewis.

79.    Defendant County and Defendants in their supervisor capacity are liable to Mr. Lewis for the acts of their conduct and/or omissions herein alleged, pursuant to the doctrine of Respondent Superior.

## EIGHTH CLAIM FOR RELIEF

### Deprivation of U.S. Constitution, Florida Constitution and Florida Law.

#### By Plaintiff Against the Defendants

80.     Plaintiff incorporates all preceding paragraphs, as though fully set forth herein.

81.    Defendants violated Plaintiff's clearly established rights under the United States and Florida Constitutions, as well as state and federal law, which include, but are not limited to, the following:

(i) First Amendment to the United States Constitution (violated by the Defendants)

(ii) Fourteenth Amendment to the United States Constitution (violated by the Defendants)

(iii) Fourth Amendment to the United States Constitution (violated by the Defendants)

(iv) Florida Constitution, Article 1:

§ 2 -   Right to Happiness & Privacy (violated by the Defendants);

§ 4 -   Right to Free Speech (violated by the Defendants);

§ 9 -   Right to Due Process (violated by the Defendants); and

§ 12 - Right to Protection against Unreasonable Searches and Seizures

(violated by the Defendants)

§ 24 – Right to Inspect or Copy Public Records

82.    Defendants violated Mr. Lewis's clearly established rights under United States and Florida law by threats, intimidation, and/or coercion. Further, each act and/or violation of rights done by each Defendant to Mr. Lewis was done by way of threats, intimidation, and/or coercion beyond that inherent in each act and/or violation of rights itself.

83.    Defendant County is liable to Mr. Lewis for the acts of its public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondent Superior, Florida case law.

## NATURE OF ALL DEFENDANTS' ACTIONS

84.    Defendants acted maliciously, with bad faith and oppressively in violating Mr. Lewis' clearly established rights under United States and Florida law by threats, intimidation, and/or coercion will acting in bad faith.

85.    As a result of Defendants' unlawful conduct as alleged herein, Mr. Lewis has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

## PRAYER FOR RELIEF

86.    WHEREFORE, Plaintiff prays for the following relief from Defendants, and each of them, for each of the above causes of action:

(i) For compensatory damages, including general and special damages, according to proof; $5,000 from each Defendant.

(ii) For punitive damages pursuant to 42 U.S.C. §1983 and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each Defendant;  $250,000 from each Defendant.

(iii) For statutory damages, according to proof;

(iv) For prejudgment interest according to proof;

(v) For reasonable attorney fees pursuant to 42 U.S.C. §§ 1983, 1988; and any other applicable provisions;

(vi) For costs of suit; and

(vii) For such further relief which is just and proper.


Dated: January 8 , 2024                      Respectfully submitted,
                                                              //s// James F. Lewis *pro se*
                                                              424 Mark Dr. Lady Lake Fl. 32159
                                                              Phone: 440-413-8360
                                                              Email: mnt1n@hotmail.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

Dated: January 08, 2024                    //ss// James F. Lewis  *pro se*