11th Circuit United States District Court

Middle District of Florida

Ocala, Florida Division

James F. Lewis

    Plaintiff

_____/

v.

Bradley Arnold, Randy Mask,

Oren Miller, Gary Search,

Doug Gilpin, Garry Breeden,

Craig Estep, Samantha Daley,

Sharon Carruthers, Leslie Smith,

Rachel Baggett,  Detective Hart

Detective Knight,  Angela Velez.

      Defendants.

_____/

CIVIL ACTION NO.  5:24-cv-13-MMH-PRL

Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (non-prisoners)

Plaintiff Demands A Jury Trial

Amended Civil Complaint Per Docket #6

**"The First Amendment Gives You Freedom Of Speech, Not Freedom To Silence Others That Offend You."**

## AMENDED COMPLAINT

**Plaintiff**, James F. Lewis, hereby brings this action against the above-named Defendants in their individual capacities for their actions against Plaintiff on May 06 and May 07, 2021 and to the present.

## GENERAL ALLEGATIONS

1.    This is an action brought pursuant to the provisions of 42 U.S.C. § 1983 and the First, Fourth and Fourteenth Amendments to the United States and Florida Constitutions, Federal Statutes together with state law claims.

## JURISDICTION

2.    This court has jurisdiction of this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Jurisdiction over the state law claims is based upon the supplemental jurisdiction of this court, pursuant to 28 U.S.C. § 1367.

## VENUE

The claims alleged herein arose from events or omissions that occurred in Sumter County Florida. Therefore, venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391 (b)(2).

# PARTIES

3.   Plaintiff JAMES F. LEWIS ("Plaintiff" or "Mr. Lewis") is a resident and private citizen of the State of Florida, at all times material to this Complaint.

4.   At all times material hereto, Defendants Miller, Search, Breeden, Gilpin and Estep were/are elected County Commissioners of Sumter County, Florida and acting under color of state law.

5.   At all times material hereto, Defendant Mask was/is the elected Sumter County Tax Collector and acting under color of state law.

6.   At all times material hereto, Defendants Baggett, Daley and Caruthers are employed by the Sumter County, Florida Tax Collector and acting under color of state law.

7.   At all times material hereto, Defendants Arnold and Smith are employees of Sumter County Commissioners and acting under color of state law.

8.   At all times material hereto, Defendants Knight, Hart and Velez

were acting in their official capacities as Law Enforcement Officers in
Sumter County, Florida acting under color of state law.

9.   At all times material hereto, Defendants were/are residents of Sumter
County, Florida.

10.  At all times material hereto, all Defendants were at all times material
herein acting under color of state law within the course and scope of their
employment and office under the guise as government agents.

11.  All Defendants named in this Complaint are being sued in their
individual capacity for their actions under Federal and state law violations against
Plaintiff.

## STATEMENT OF FACTS

---

### *PRELUDE*

12.   On or about May 06, 2021 Plaintiff was at 7375 Powell Rd. Wildwood,
Florida to gather matters of public interest, request public records and to video
record the actions of public servants in the course of their duties.

13.  7375 Powell Rd. Wildwood Florida is a building open to the public
containing a public library, Tax Collector's lobby and offices, Supervisor of

Elections lobby and offices, County Commissioners' offices, a Veterans Assistance office, a conference room and employees offices.

14.    While Plaintiff was requesting public records an employee of Sumter County called 911 to falsely report that Plaintiff was causing a "DISTURBANCE-VERBAL" at the above stated address.

15.    A Sumter County Sheriff's Deputy and two Wildwood, Florida Police Officers arrived and found no evidence of any disturbance by Plaintiff.

16.    On or about May 07, 2021 Plaintiffs returned to the same location to further request public records.

17.    Plaintiff is rudely accosted in the general lobby area by Defendant Daley who maliciously and falsely accuses Plaintiff of trying to enter a restricted area. She denies Plaintiff his right to public records, public records requests and refuses to identify herself as a Sumter County employee.

18.    Plaintiff is further denied access to public records and verbal requests for public records by Defendant Caruthers.

19.    Defendant Arnold calls Sumter County Sheriffs Dispatch to falsely report that Plaintiff is "trespassing."

20.    Plaintiff is approached by Defendants Hart and Knight who state that

Defendant Arnold filed an official complaint and wants Plaintiff trespassed from the public building for trying to enter a restricted area. Plaintiff has proof that he did not "try to enter a restricted area."

21.   Plaintiff is detained by Defendants Hart, Knight and Velez without any investigations and act only on the dishonestly fabricated complaint of trespassing by Defendant Arnold.

22.   Plaintiff is given a verbal trespass warning by Defendants Knight, Hart and Velez due to Defendant Arnolds fabricated complaint. Plaintiff is further threatened that if he returns he will be arrested for trespassing.

## SPECIFIC  FACTS OF CONSPIRACY AGAINST RIGHTS AND DEPRIVATION OF RIGHTS AGAINST DEFENDANTS.
### 18 U.S.C. §§ 241 and 242.

23.   Due to Plaintiffs own investigation of the deprivation of rights and trespass warning while requesting public records he discovers a scheme of conspiracy against rights and deprivation of rights by Defendants Arnold, Mask, Daley, Caruthers, Smith and Baggett.

24.   On May 06, 2021 Defendant Arnold commits the overt act of notifying his Supervisors, the Sumter County Florida County Commissioners Miller, Search, Breeden, Gilpin and Estep along Sumter County Tax Collector

Defendant Mask that he was going to "issue a no trespass" to Plaintiff if Plaintiff returned to request public records.

25.   Defendant Mask joins the conspiracy and deprivation of rights by replying to Defendant Arnolds email, "Okay great.....Thanks!."

26.   Defendant Mask enlist Defendants Daley and Caruthers into the conspiracy and they join the conspiracy willfully by agreeing to contact him or Defendant Arnold "ASAP" if Plaintiff returns to request public records.

27.   Defendant Mask furthers the conspiracy by notifying Defendant Arnold that "We do have his name." "We" being Defendant Mask and Defendant Baggett. Mask and Baggett had willfully searched and seized Plaintiffs name and phone number which was not a public record.

28.   On May 07 2021 Defendant Arnold furthers the conspiracy by requesting the name of Plaintiff from Defendant Mask for the purpose of trespassing the Plaintiff if Plaintiff returns.

29.   Defendant Arnold enlist Defendant Smith into the conspiracy to search for the Plaintiffs address and to draft a letter of trespass to Plaintiff, well before Plaintiff reenters the public building.

30.   Each of the aforementioned acts by each Defendant directly and proximately caused Mr. Lewis to suffer the following: violation of civil rights, loss of freedom of expression, loss of enjoyment of freedom of expression, loss

of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury and great and extreme mental anguish.

31.   Plaintiff endures, and continues to endure, substantial mental anguish due to each and every act and omission of each Defendant. The conspiracy is ongoing as of the date the complaint was filed. To this day Defendants deny any and all acts of their conspiracy and deprivation of rights committed against Mr. Lewis.

32. Plaintiff has proof of his allegations against all Defendants in this complaint. The material facts are as such; emails, phone records and unedited video. Plaintiff insist that he will gain more evidence via Discovery.

# CLAIMS FOR RELIEF
***

## FIRST CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**First and Fourteenth Amendment Rights Violations of United States Constitution and Florida Constitutions along with state laws.**

**By Plaintiff Against Defendants Arnold, Mask, Daley, Baggett and Caruthers.  ( Gross Negligence of duties and responsibilities of federal and state laws along with the Pinkerton Rule).**

**Defendants Miller, Gilpin, Breeden, Search and Estep. (Gross Negligence of duties and responsibilities per federal and state laws).**

33. Plaintiff incorporates all paragraphs, as though fully set forth herein.

34. This cause of action arises under 42 U.S.C. § 1983, wherein Mr. Lewis seeks to redress a deprivation of rights under color of law , conspiracy against rights, privilege, or immunity secured to him by the First and Fourteenth Amendments to the United States Constitution the Florida Constitution along with 18 U.S.C. §§ 241 and 242 and state laws.

35. The First Amendment of the United States Constitution and Florida Constitution Article #1 along with Federal and State Statutes guarantees Plaintiffs freedom of press, freedom of speech and expression permitting Plaintiff to, freely and lawfully express opinions, ideas and gather information of government activities without fear of reprisals. This expression may be accomplished verbally, demonstratively, and/or symbolically.

36. All of the acts complained of herein were directed toward Mr. Lewis because of his statements, filming and requesting public records. The Defendants Arnold, Mask, Smith, Daley, Baggett and Caruthers, chilled and deterred such expression by performing and threatening the conduct complained of herein.

37.   The Defendants Mask, Arnold, Daley, Smith, Baggett and Caruthers harmed Mr. Lewis by their conspiracy to silence Mr. Lewis in his quest to gather information via public records request and peacefully video record his experiences with public servants.

38.   Defendants Miller, Breeden, Search, Gilpin and Estep supported the actions of Defendants Arnold, Mask, Smith, Daley, Baggett and Caruthers by Gross Negligence of duties and responsibilities per federal and state law for not protecting the rights of Plaintiff.

39.   **DAMAGES:** Each of the aforementioned acts by each Defendant caused Mr. Lewis to suffer the following harm: violation of civil rights, loss of freedom of expression, loss of enjoyment of freedom of expression, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury, pain and suffering, and great and extreme mental anguish.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**Fourteenth Amendment Substantive Due Process/Equal protection of the law.**

**By Plaintiff Against the Defendants Arnold, Mask, Daley, Baggett, Caruthers, Knight, Hart and Velez. ( The Pinkerton Rule and Gross Negligence of duties and responsibilities per the 14ᵗʰ Amendment and state law)**

**By Plaintiff against Defendants Miller, Breeden, Search, Gilpin and Estep. (Gross Negligence of duties and responsibilities per the 14ᵗʰ Amendment and state law)**

**40.**   Plaintiff incorporates all paragraphs, as though fully set forth herein.

**41.**   This cause of action arises under 42 U.S.C. § 1983, wherein Mr. Lewis seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourteenth Amendment to the United States Constitution.

**42.**   The Fourteenth Amendment guarantees Plaintiff substantive Due Process of Law and Equal Protection of the Law.

**43.**   The complained of acts of the Defendants Arnold, Mask, Daley, Caruthers, Baggett, Smith, Knight, Hart and Velez were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and  outrageous that they may fairly be said to shock the contemporary conscience.

**44.**   The acts of Defendants Arnold, Mask, Daley, Smith, Bagget and Caruthers caused harm to Mr. Lewis by filing false police reports and complaints as Mr. Lewis was peacefully trying to gather information via public records request and to video his encounters with public servants. Mr.

Lewis was detained based upon a fabricated complaint, prepared by government agents, under the guise of their sworn duty as agents of the state acting under color of law.

45. Defendants Miller, Breeden, Search, Gilpin and Estep acted with Gross Negligence of duties and responsibilities per federal and state laws for failure to protect Plaintiffs rights.

46.  **DAMAGES:**  Each of the aforementioned acts by each Defendant directly  and proximately caused Mr. Lewis to suffer the following harm: violation of civil rights, loss of freedom of expression, loss of enjoyment of freedom of expression, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury, pain and suffering, and great and extreme mental anguish.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**Fourth Amendment (Unlawful Search/ Seizure)**

**By Plaintiff Against Defendants Arnold, Mask, Daley, Caruthers, Baggett and Smith. ( Gross Negligence of duties and responsibilities of federal and state law and the Pinkerton Rule)**

**By Plaintiff Against Defendants Miller, Breeden, Search, Gilpin and Estep (Gross Negligence of duties and responsibilities per federal and state law).**

By Plaintiff Against Defendants Knight, Hart and Velez. Illegal Detainment and Gross Negligence of duties and responsibilities per federal and state laws).

47.    Plaintiff incorporates all paragraphs, as though fully set forth herein.

48.    This cause of action arises under 42 U.S.C. § 1983, wherein Mr. Lewis seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourth Amendment to the United States Constitution and state laws.

49.    The Fourth Amendment protects Mr. Lewis from unreasonable search and seizure.

### Unlawful Seizure

50.    Plaintiff alleges that the detention of Mr. Lewis by Defendants Knight, Hart and Velez were without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and thus causes them to be triable by a jury of being in violation of Plaintiffs Fourth Amendment rights.

### Unlawful Searches

51.    Plaintiff alleges that the searches during the conspiracy for Mr. Lewis's name, phone number  and address by Defendants Arnold, Mask, Smith and Baggett within their conspiracy caused harm to him because the overt actions was not within their normal duties and thus causes them to be triable by a jury

for violation of Plaintiffs Fourth Amendment rights.

52.   Defendants Miller, Search, Breeden, Gilpin and Estep were aware of the actions against Plaintiff and chose to ignore their duties and responsibilities to stop the conspiracy against rights and deprivation of rights against Plaintiff and are triable for gross negligence of duties and responsibilities per federal and state law.

53.   **DAMAGES:** Each of the aforementioned acts by each Defendant directly and proximately caused Mr. Lewis to suffer the following harm: violation of civil rights, loss of freedom of expression, loss of enjoyment of freedom of expression, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury, pain and suffering, and great and extreme mental anguish.

## FOURTH CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**Conspiracy to Violate Civil Rights and Deprivation of Rights**

**By Plaintiff Against the Defendants Arnold, Mask, Daley, Caruthers, Baggett and Smith. ( Gross Negligence of duties and responsibilities per federal and state laws and the Pinkerton Rule.)**

**By Plaintiff Against the Defendants Miller, Search, Breeden, Gilpin and Estep. (Gross Negligence of duties and responsibilities per federal and state laws.)**

54. Plaintiff incorporates all paragraphs, as though fully set forth herein.

55. This cause of action arises under 42 U.S.C. § 1983 wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution, Florida Constitution, 18 U.S.C. §§ 241, 242 and state laws.

56. Defendants Arnold, Mask, Smith, Daley, Baggett and Caruthers functioned as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of each other to violate Plaintiffs' civil rights and deprivation of rights afforded under the United States Constitution, Federal Statutes, Florida Constitution and Florida State Statutes.

57. Among other things, the Defendants acted in conspiracy and with agreement, permission, ratification, and approval of their joint conduct to (1) file false reports and a trespass complaint against Mr. Lewis which caused undue harm to him; (2) those actions caused harm to Mr. Lewis by being detained by law enforcement; (3) search for Mr. Lewis' personal information which is not in their normal job descriptions to support their conspiracy to cause harm to Mr. Lewis; (4) collaborate to silence Mr. Lewis in his efforts to gather matters of public interest and silence his right of free speech and freedom of movement.

58. Defendants Miller, Search, Breeden, Gilpin and Estep were aware of the

actions against Plaintiff and chose to ignore their duties and responsibilities to stop the conspiracy against rights and deprivation of rights against Plaintiff which causes them to be triable by a jury for gross negligence of duties and responsibilities per federal and state laws.

59. **DAMAGES:** Each of the aforementioned acts by each Defendant directly and proximately caused Mr. Lewis to suffer the following harm: violation of civil rights, loss of freedom of expression, loss of enjoyment of freedom of expression, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury, pain and suffering, and great and extreme mental anguish.

## FIFTH CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**Unconstitutional Policy, Custom, or Procedure (Monell)**

**By Plaintiff Against Defendants Mask, Miller, Breeden, Search, Gilpin and Estep as Policy Makers for Sumter County Florida and  (Gross Negligence of duties and responsibilities under federal and state laws).**

60. Plaintiff incorporates all paragraphs, as though fully set forth herein.

61. This claim for relief arises under 42 U.S.C. § 1983, wherein Mr. Lewis seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution, Florida Constitution, Federal Statutes and

Florida State Statutes.

62. All Defendants in Fifth Claim violated Mr. Lewis' constitutional rights, as alleged above by creating and maintaining the following unconstitutional customs and practices (1) Plaintiff alleges that the Defendants have a de facto policy, custom, and/or practice of harassing, intimidating, and/or threatening to trespass from public property those who exercise their First Amendment rights of freedom of expression  (2) Plaintiff alleges that Defendants as County Commissioners and Tax Collector Mask have a de facto policy, custom, or practice of inadequately investigating their employees upon complaints of misconduct or Claims for Damages (3) Plaintiff alleges that Defendant County Commissioners and/or Tax Collector Mask have a de facto policy and custom of failing to discipline, failing to investigate, and of retaining, personnel who refuse citizens of their constitutional rights; (4) Plaintiff alleges that Defendant County Commissioners and Tax Collector Mask have a de facto policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining personnel who come upon persons with whom they make contact and violate their constitutional rights and or state law.

63. The foregoing unconstitutional customs and practices were a direct cause of harm to Mr. Lewis.

64. Plaintiff specifically alleges that the  policies, customs, and/or practices, as described herein, were within the control of Defendant County Commissioners and Defendant Tax Collector Mask and within the feasibility of them to alter, adjust, and/or correct so as to prevent some or all of the acts and injury

complaint herein by Mr. Lewis.

**65. DAMAGES:** Each of the aforementioned acts by each Defendant directly and proximately caused Mr. Lewis to suffer the following harm: violation of civil rights, loss of freedom of expression, loss of enjoyment of freedom of expression, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury, pain and suffering, and great and extreme mental anguish.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**Failure to Train, Supervise, Discipline, or Correct (City of Canton)**

By Plaintiff Against Defendants Miller, Search, Breeden, Gilpin and Estep. Sumter County Commissioners (Gross Negligence of duties and responsibilities per federal and state laws).

By Plaintiff against Sumter County, Florida County Administrator Defendant Arnold (Gross Negligence of duties and responsibilities per federal and state laws).

By Plaintiff Against Sumter County Tax Collector Mask (Gross Negligence of duties and responsibilities per federal and state laws).

**66.** Plaintiff incorporates all paragraphs, as though fully set forth herein.

**67.** This cause of action arises under 42 U.S.C. § 1983, wherein Mr. Lewis seeks to redress a deprivation under color of law of a right, privilege, or

immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution, Florida Constitution and state laws.

68.  Defendants Miller, Search, Breeden, Gilpin and Estep, Defendant Arnold and Defendant Mask caused harm to Mr. Lewis by creating and maintaining the following unconstitutional customs and  practices (1) Plaintiff is informed, believes, and thereupon alleges that  Defendant County Commissioners, Defendant Arnold and Defendant Mask had ample reason to know employees engaged in the misdeeds set forth in this  entire complaint; (2) Plaintiff is informed, believes, and thereupon alleges that named Defendant County Commissioners, Defendant Arnold as County Administrator and Defendant Tax Collector Mask have failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within their employ as to the legal requirements and protections applicable to persons as set forth in the United States and Florida Constitutions, and other laws; and (3)  Plaintiff alleges that these failures amount to a de facto policy and are part of named Defendant County Commissioners, Sumter County Administrator and Defendant Tax Collector as Sumter County Florida duties and responsibilities as policy and decision makers.

69.  All Defendants named in this Sixth claim acted in a supervisory capacity with respect to the incidents involving Mr. Lewis. In that capacity, Defendant County Commissioners and Defendants Arnold and Mask acted with gross negligence in conscious disregard to the rights of Mr. Lewis.

70. Plaintiff is informed, believes, and thereupon alleges that Defendant County Commissioners, County Administrator Arnold and Tax Collector Mask acted in this manner, at least in part, to avoid liability and financial exposure for the County and to maintain their personal reputations and the reputation of Sumter County.

71. These supervisory failures of Defendants Arnold, Mask and Defendant County Commissioners directly caused and contributed to Mr. Lewis' harms.

72. Plaintiff specifically alleges that Defendant County Commissioners, Defendant County Administrator and County Tax Collectors policy, custom, and practice, as described, was within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and harms complained of herein by Plaintiff.

73. **DAMAGES:** Each of the aforementioned acts by each Defendant directly and proximately caused Mr. Lewis to suffer the following harm: violation of civil rights, loss of freedom of expression, loss of enjoyment of freedom of expression, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury, pain and suffering, and great and extreme mental anguish.

## SEVENTH CLAIM FOR RELIEF

## INFLICTION OF EMOTIONAL DISTRESS

### First, Fourth and Fourteenth Amendment Violation and State Laws

**By Plaintiff Against Defendants Arnold, Mask, Smith, Daley, Baggett and Caruthers. (Gross Negligence of duties and responsibilities of federal and state laws and the Pinkerton Rule).**

**By Plaintiff Against Commissioners Miller, Search, Breeden, Gilpin and Estep. (Gross Negligence of duties and responsibilities per federal and state laws).**

74. Plaintiff incorporates all paragraphs, as though fully set forth herein.

75. This cause of action arises under 42 U.S.C. § 1983, wherein Mr. Lewis seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution and state laws.

76. In this claim for relief, as a proximate result of all Defendants acts and omissions as alleged throughout this entire complaint; Defendants caused Mr. Lewis to suffer harm.

77. Defendant County Commissioners in their supervisor capacity are responsible and therefore triable by a jury for the acts of their subordinates conduct, acts and/or omissions herein alleged in this complaint.

78. **DAMAGES:** Each of the aforementioned acts by each Defendant directly and proximately caused Mr. Lewis to suffer the following harm: violation of civil rights, loss of freedom of expression, loss of enjoyment of freedom of expression, loss of privacy, loss of enjoyment of privacy, loss of

personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, humiliation, emotional injury, pain and suffering, and great and extreme mental anguish.

## PRAYER FOR RELIEF

79.    WHEREFORE, Plaintiff prays for the following relief from Defendants, and each of them, for the above 1-7 Claims For Relief:

(1) For compensatory damages, including general and special damages, according to proof; $5,000 from each Defendant.

(2) For punitive damages pursuant to 42 U.S.C. §1983 and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each Defendant;  $250,000 from each Defendant.

(3) For statutory damages, according to proof as a jury finds just and proper.

(4) For prejudgment/post judgement interest according to proof as a jury find just and proper.

(5) For reasonable attorney fees pursuant to 42 U.S.C. § 1988 and any other applicable provisions, according to proof as a jury finds just and proper.

(6) For costs of suit expenses according to proof as a jury finds just and proper.

(7) For such further relief according to proof as a jury finds just and proper.

Dated: February 8 , 2024

Respectfully submitted,

//s// James F. Lewis *pro se*

_____ /

424 Mark Dr. Lady Lake Fl. 32159
Phone: 440-413-8360
Email: mnt1n@hotmail.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

Dated: February 9, 2024

//s// James F. Lewis *pro se*

_____ /