## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JAMES F. LEWIS,

       Plaintiff,

v.                                                            Case No.  5:24-cv-13-MMH-PRL

BRADLEY ARNOLD, et al.,

       Defendants.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 82; Report), entered by the Honorable Philip Lammens, United States Magistrate Judge, on December 4, 2024. In the Report, Judge Lammens recommends that Defendants' motions to dismiss Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 39; Second Amended Complaint) be granted and that Plaintiff, James Lewis, be given leave to file a third amended complaint. See generally Report; Motion to Dismiss Second Amended Complaint by Defendants Voss and Knight (Doc. 46; SCSO Motion), filed on March 20, 2024; Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law (Doc. 68; County Motion), filed on April 16, 2024. No party filed objections to the Report. Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge as to the

---

[1] Although inadvertently referencing Rule 72(b)(3) rather than Rule 72(b)(2), the Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1 n.1.

introduction, the introduction to Section I, Section I.A., Section I.C., Section II, and Section III.A.[2] In doing so, the Court observes that this is now the second time the Court has dismissed or stricken Lewis's pleading as a shotgun pleading and allowed him to re-plead. See Order (Doc. 6; First Shotgun Order), entered on January 16, 2024. Of significant concern here, in drafting the Second Amended Complaint, Lewis largely failed to account for the Court's directions in the First Shotgun Order. In the First Shotgun Order and now again in the Report, the undersigned and Judge Lammens have explained in detail the pleading requirements of the Rules and specific infirmities in Lewis's complaints. Although the Court will permit Lewis an additional opportunity to file a proper pleading, the Court cautions that continued failure to comply with the Rules and the Court's orders will likely result in dismissal of this action without further notice.

In light of the Court's determination that Lewis should be permitted to file a third amended complaint, the Court need not adopt those parts of the Report addressing the merits of Lewis's claims at this time. Nevertheless, the undersigned reviewed those sections and finds the reasoning and conclusions sound. The undersigned advises Lewis to take heed of Judge Lammens's recommended conclusions about which kinds of claims Lewis may be able to

---

[2] The Court reads the reference to "7374 Powell Road" on page 2 of the Report as referring to "7375 Powell Road." See Second Amended Complaint ¶ 13–14.

bring with a good faith legal basis—and which he may not. Notably, after considering the merits of each claim Lewis attempts to bring in the Second Amended Complaint, Judge Lammens concluded that the only <u>potentially</u> viable claims Lewis might bring would be Fourth Amendment claims against Defendants Voss and Knight based on allegations that they unreasonably detained Lewis. <u>See</u> Report at 18–20, 25. Lewis might more easily satisfy the pleading requirements by drafting a third amended complaint focusing only on these claims.

Accordingly, it is hereby

**ORDERED:**

1.    The Magistrate Judge's Report and Recommendation (Doc. 82) is **ADOPTED** as the opinion of the Court as to the introduction, the introduction to Section I, Section I.A., Section I.C., Section II, and Section III.A.

*(remainder of page intentionally left blank)*

2.    James Lewis is **directed** to file a third amended complaint in accordance with the Rules and the Court's orders on or before February 25, 2025. Failure to do so will likely result in the dismissal of this action.

**DONE AND ORDERED** in chambers this 4th day of February, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record
Pro Se Party