## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JAMES F. LEWIS,**

**Plaintiff,**

v.                                          **Case No. 5:24-cv-00013-MMH-PRL**


**DETECTIVE JOHN KNIGHT**

**and DETECTIVE SHANNON VOSS,**

**Defendants,**

_____/


## PLAINTIFFS MOTION FOR SUMMARY JUDGEMENT PER RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Pursuant to Federal Rule of Civil Procedure 56(a), **Plaintiff,** James F. Lewis (Plaintiff) moves to Motion For Summary Judgement against Defendants Knight and Voss.


## INTRODUCTION AND STATEMENTS OF THE CLAIM


As grounds for his Motion for Summary Judgement the Plaintiffs Complainant James F. Lewis respectfully moves for summary judgment on his behalf, as there are no disputed issues of material fact or credibility that warrant a hearing in this case.

1.   Pro se Plaintiff James F. Lewis initiated this lawsuit with the filing of a Complaint on January 8, 2024. [Doc.1].

2.   Plaintiff filed an Amended Complaint on February 25, 2025 [Doc. 85]

per instructions of the Court [Doc. 83]

3.    Plaintiff's Amended Complaint brings a § 1983 Claim under the Fourth Amendment for unreasonable seizure under color of law.

4.    Plaintiff's Amended Complaint relates to Plaintiff being unreasonably seized at The Villages-Sumter County Service Center on May 7, 2021, by Defendants Knight and Voss with the entirety of the events captured by the Plaintiffs own video footage which is incorporated into the Amended Complaint. [Exhibit [Doc. 85, Exhibit 1]. It is video footage taken by him and subsequently posted on Youtube. rogue nation, A GENTLEMANS DAY OUT PART 2 UNEDITED, THE SECOND DAY, Youtube (May 9, 2021), https://www.youtube.com/watch?v=kxLGATV5_9Q  [Docket #87 Exhibit #1]

5.    Plaintiff seeks to hold Defendants Knight and Voss personally liable for the unreasonable seizure and restriction of his freedom of movements which is a violation of his Fourth Amendment Rights to freely move about and be free to engage in Constitutionally protected activities without fear of illegal seizure by sworn law enforcement officers who enforced their will with official misconduct and unlawful actions toward the Plaintiff.

6.    The video footage shows that the Plaintiff was illegally and that he was unreasonably coerced by Defendants Knight and Voss into believing that he was being given a lawful command to remove himself from the property without legal authorization of the property owner or lessee per Florida State Statute 810.08 (1)(3)

7.    The incorporated video evidence will prove that the Plaintiff informed the Defendants multiple times that "no one has told me to leave" and that he was engaged in doing a public records request which is his Rights under the Florida

Constitution Art.1 Sec. 24 and also protected by the Florida State Statute Chapter 119 public records laws.

8.    The incorporated video evidence will show that the Defendants verbally informed the Plaintiff that they were acting under color of law, the Defendants verbally informed the Plaintiff he was being detained. The Plaintiff was verbally directed to not reenter the building and was physically blocked from entering the building to inquire of his public records request which is a 4th Amendment violation against his rights. [18:52-24.55 video timestamp.]

9.    The incorporated video footage [Docket # 87 Exhibit #1] along with Rule 56(e) documents, declaratory statements of facts will prove that the Plaintiff was harmed and did suffer a constitutional violation, and to whatever extent he did, the Plaintiff should be awarded summary judgement as to no matter of genuine fact or issue for a trial.

## MEMORANDUM OF LAW

In accordance with M.D. Fla. Loc. R. 3.01, the Plaintiff offers the following Memorandum of Law in support of his Motion for Summary Judgement.

### Summary Judgement Standard of Review

In order to prevail on a motion for summary judgment, the moving party must show that the nonmoving party has insufficient evidence to support his case or that an affirmative defense precludes the nonmoving party from prevailing at trial. See *Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S . Ct. 2548, 2252-53 (1986).* If the moving party successfully negates an

Case 5:24-cv-00013-MMH-PRL    Document 89    Filed 03/24/25    Page 4 of 17 PageID 563

essential element of the nonmoving party's case, the burden shifts to the nonmoving party to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Id.

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986).* A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. A fact is "material" if it "might affect the outcome of the suit under the governing law." Id. The nonmoving party must show more than the existence of a "metaphysical doubt" regarding the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).*

Speculation or conjecture cannot create a genuine issue of material fact. *See Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005).* "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004)*; see also *Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553.* The nonmoving party must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *See Celotex Corp., 477 U.S. at 331, 106 S. Ct. at 2557; Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997)* (Rule 56 requires the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, documents, affidavits or declarations, admissions, interrogatory answers or other materials on file

designate specific facts showing that there is a genuine issue for trial); *Hammer v. Slater, 20 F.3d 1137, 1141 (11th Cir. 1994)*.

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court will consider the fact undisputed for purposes of the motion for summary judgment or grant summary judgment if the moving party's motion and supporting materials— including the facts considered undisputed—show that the moving party is entitled to it. See Fed. R. Civ. P. 56

Evidence presented by the nonmoving party in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to him. See *Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999)*. Nevertheless, the nonmoving party still bears the burden of coming forward with sufficient evidence of every element that he must prove. *See Celotex Corp., 477 U.S. at 331, 106 S. Ct. at 2557*. A motion for summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp., 477 U.S. at 322, 106 S. Ct at 2552*.

Rule 56 of the Federal Rules of Civil Procedure states that a motion for summary judgment must be supported or opposed by "citing to particular parts of materials in the record," to include "depositions, documents, electronically that there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. The court may consider only the materials cited by the parties to support or oppose the motion, although it has the discretion to consider other materials in the record. See Fed. R. Civ. P. 56(c)(3). But whatever materials the

parties cite, that material must constitute admissible evidence. "An affidavit or declaration used to support or oppose a motion must . . . set out facts that would be admissible in evidence." Fed. R. Civ. P. stored information, affidavits or declarations, stipulations * * *, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

## Analysis

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must put forth sufficient evidence demonstrating that: (1) a defendant deprived him of a right secured under the United States Constitution or federal law; and (2) such deprivation occurred under color of state law. *Livadas v. Bradshaw, 512 U.S. 107, 132, 114 S. Ct. 2068, 2083 (1994); Adickes, 398 U.S. at 150, 90 S. Ct. at 1604; Stephens v. DeGiovanni, 852 F.3d 1298, 1314 (11th Cir. 2017); Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015).*

As to whether the Defendants Knight and Voss acted under color of law, the parties do not dispute that, at all relevant times Knight and Voss were employed by the Sumter County Fl, Sheriff's Dept. A defendant acts "under color of law" when he exercises "'power possessed by virtue of state law and made possible'" only because he was "'clothed with the authority of state law.'" *West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 2255 (1988) (quoting United States v. Classic, 313 U.S. 299, 326, 61 S. Ct. 1031, 1043 (1941)).* It is clear from the record that Knight and Voss were acting under the color of law as Sheriff's Detectives. Knight and Voss  See *Byrd v. Stewart,* 811 F.2d 554, 555 (11th Cir. 1987).

Plaintiff maintains the Defendants misused their authority to violate his

constitutional rights. See *Screws v. United States, 325 U.S. 91, 111, 65 S. Ct. 1031, 1040 (1945)* (plurality opinion) ("Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it."); *Butler v. Sheriff of Palm Beach Cty., 685 F.3d 1261, 1268 (11th Cir. 2012)* ("A § 1983 defendant who abuses the power and authority given to her by the state acts under color of state law."). Plaintiff, therefore, must only show that the Defendants violated a specific constitutional right. *Albright v. Oliver, 510 U.S. 266, 270, 114 S. Ct. 807, 811 (1994); Baker v. McCollan, 443 U.S. 137, 144, n.3, 99 S. Ct. 2689, 2694, n.3 (1979).*

## Plaintiffs Fourth Amendment Rights were Violated by the Defendants.

Plaintiff moves for summary judgment on the Plaintiff's Fourth Amendment claim for unreasonable seizure against Defendants Knight and Voss.

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend IV. "A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, 'by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen.'" *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (omissions in original) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)).

This may occur through coercion, physical force, or a show of authority. *United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997).

A person's liberty is restrained when, "taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" *Florida v. Bostick*, 501 U.S. 429, 437 (1991)

In general, the tort of false imprisonment consists of any "unlawful restraint" of an individual's "personal liberty or freedom of movement" against her will. 35 C.J.S. False Imprisonment § 1 (2019). The tort protects the sacred "right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." *Johnson v. Barnes & Noble Booksellers, Inc., 437 F.3d 1112, 1116 (11th Cir. 2006) (quoting Terry, 392 U.S. at 9)*

## The Court may properly consider Video Evidence under the Incorporation-by-reference Doctrine.

In the Eleventh Circuit, a motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, requiring the movant to show there's no genuine issue of material fact and they are entitled to judgment as a matter of law. The facts are recounted below from Plaintiff's verified complaint. See *Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)* (when considering a motion for summary judgment, a district court must evaluate all material facts and logical inferences drawn from the evidence in the light most favorable to the nonmoving party).

## PLAINTIFFS STATEMENTS OF MATERIAL FACTS

Under Fed. R. Civ. P. 56(c)(1)(A) the Plaintiff will prove that there are no genuine issue of material fact for a trial and the Court should affirm his Motion of Summary Judgement.

In determining whether a police-citizen encounter was consensual or

whether a seizure has occurred, the Eleventh Circuit Court of Appeals considers the following factors: whether a citizen's path is blocked or impeded; whether identification is retained; the suspect's age, education and intelligence; the length of the suspect's detention and questioning; the number of police officers present; the display of weapons; any physical touching of the suspect; and the language and tone of voice of the police. Telling a suspect he is being detained would certainly transform an otherwise consensual encounter into a detainment. However, the Fourth Amendment does not prohibit, in appropriate circumstances and in an appropriate manner from approaching a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest. Id. citing *Terry v. Ohio*, 393 U.S. 1 (1968).

As explained below, there are no genuine issues of material fact in this case, and Complainant is entitled to judgment as a matter of law in his favor.

On May 7, 2021 the Plaintiff, a citizen of Florida went to the location of 7375 Powell Rd. Wildwood Fl. a public building of governmental operations for Sumter County where citizens are invited to do business. This building contains a public library, and a Veterans Help Service, meeting rooms, and a large open hallway leading to the Tax Collectors Office.

While there the Plaintiff verbally requested public records from a Manager of the Sumter County Tax Collectors office who identified herself as Sharon. The Manager gave explicit implied consent that the Plaintiff could wait for her response to his request. [17:38]-[17:54] video timestamp.

On May 7, 2021 the Plaintiff had every right to freely request public records at 7375 Powell Rd. Wildwood Fl. without fear of intrusion and

intimation from the Defendants.

Article 1 SECTION 24.    Access to public records and

meetings.—(a)    *Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution...*

> *Thus, "the law provides any member of the public access to public records, whether he or she be the most outstanding civic citizen or the most heinous criminal." Church of Scientology Flag Service Org., Inc. v. Wood, No. 97-688CI-07 (Fla. 6th Cir. Ct. February 27, 1997), available online in the Cases database at the open government site at myfloridalegal.com. "[A]s long as the citizens of this state desire and insist upon 'open government' and liberal public records disclosure, as a cost of that freedom public officials have to put up with demanding citizens even when they are obnoxious as long as they violate no laws." State v. Colby, No. MM96-317A XX (Fla. Highlands Co. Ct. May 23, 1996), available online in the Cases database at the open government site at myfloridalegal.com.*

*DeMartini v. Town of Gulf Stream, 942 F.3d 1277, 1289 (11th Cir. 2019) "In short, a citizen's public records requests and lawsuits against the government can clearly constitute protected First Amendment activity."*

On the date of May 7, 2021 Defendants Knight and Voss of SCSO (Sumter County Sheriff's Office) approached the Plaintiff inside The Villages-Sumter County Service Center, (7375 Powell Rd. Wildwood Fl.) which understandingly surprises and confuses the Plaintiff [Exhibit 1, 18:33 –18:40]. While approaching the Plaintiff they see no conduct from the Plaintiff that could reasonably conclude he was engaged in criminal activity. They advise Plaintiff they were called there because of him. [Exhibit 1, 18:57–18:58]. Plaintiff asked them, "What did I do?" [Exhibit 1, 18:58–18:59]. Detective Voss responds, "I guess you're causing a scene." [Exhibit 1, 19:01–19:02]. When Plaintiff asked

how he was causing a scene, Detective Voss begins to explains, "I don't know. That's why we're asking." Confirming her lack of even arguable reasonable suspicion of a crime.  See: *Terry v Ohio* in which the U.S. Supreme Court held, "Reasonable suspicion exists when an officer has 'specific and articulable facts' that provide an 'objective basis for suspecting legal wrong doing.' Law enforcement can briefly detain someone based on "reasonable suspicion," which requires more than a hunch but less than "probable cause" needed for an arrest, as established in cases like *Terry v Ohio*.

Defendant Knight testified under sworn oath that there was no threat to public safety or welfare upon arrival and until his departure from the scene.

The Plaintiff informs Defendants Knight and Voss multiple times that he is doing a public records request and that no one has told him to leave. [Exhibit 1 20:05, 20:30, 22:23, 23:14 and 24:51 timestamps]

Defendant Voss along with Detective Street inform the Plaintiff that a county commissioner wanted him trespassed from the public property. [19:38]-[13:45]

Plaintiff was well within his legal rights to remain where he was at all times. Detective Voss tells Plaintiff they got a phone call that he was to be trespassed. [Exhibit 1, 20:37–20:40]. This turned out to be a complete fabrications created by Knight, Voss and Street to issue a trespass warning without authorization.

Under sworn oath, Bradley Arnold (owner/lessee of the property) testified in his Rule 33 Interrogatories when asked these questions: {Exhibit #2}

**Question #10**. 'On the date of May 6 or 7, 2021 did you in fact personally approach the Plaintiff and issue him a trespass warning not to return to 7375 Powell Rd, Wildwood Fl?'

**Answer:** "No."

See § 810.08(1), Fla. Stat. (2006);1S.N.J. v. State, 17 So. 3d 1258, 1259 (Fla. 2d DCA 2009) (stating that Florida's criminal trespass statute "requires that notice be given before a person can be guilty of trespassing on property," and that individuals "c[an] be legally detained for trespassing only if they were

Question #11. 'On the date of May 7, 2021 did you in fact instruct Defendants Knight and Voss that you wanted the Plaintiff trespassed from 7375 Powell Rd. Wildwood Fl.'

Answer: "I do not recall providing instruction to Defendants Knight and Voss"

Questions #10 and #11 are verified answers from Mr. Arnold: [Exhibit #2]

The sworn testimony of Bradley Arnold confirms that the Defendants were not instructed to issue a trespass warning at his bequest as he is the owner/lessee of the property. [Exhibit #2]

Bradley Arnolds sworn testimony corroborates that the Defendants were acting outside of and overstepping their lawful authority per:

Florida State Statute Chapter 810.08 (3) Trespass in structure or conveyance. (3) As used in this section, the term "person authorized" means any owner or lessee, or his or her agent, or any law enforcement officer whose department has received written authorization from the owner or lessee, or his or her agent, to communicate an order to depart the property in the case of a threat to public safety or welfare.

See § 810.08(1), Fla. Stat. (2006);1S.N.J. v. State, 17 So. 3d 1258, 1259 (Fla. 2d DCA 2009) (stating that Florida's criminal trespass statute "requires that notice be given before a person can be guilty of trespassing on property," and that individuals "c[an] be legally detained for trespassing only if they were first warned to leave the property." See also *Rodriguez, 29 So. 3d at 310.*

The above sworn testimony of Bradley Arnold confirms that the Plaintiff was within his legal rights to be where he was permitted to be, along with the explicit

consent of the Tax Collectors Office Manager Sharon to wait for a response to his public records request. [Exhibit 1 17:40-17:52] timestamp.

The unedited incorporated video explicitly confirms that the only persons issuing the trespass warnings to the Plaintiff to vacate the property were in fact Defendants Knight and Voss along with Detective Street while they were on scene.

Defendants Knight and Voss can be seen arriving on scene at the [Exhibit 1 18:28-18:52] timestamp of the video footage.

Defendant Knight testified under oath that "when I arrived on the scene, I spoke to a complainant (Bradley Arnold). "Once it was determined there was no physical altercation or disturbance I briefly spoke with Mr. Lewis before turning the investigation over to the Wildwood Police Department and leaving the scene." [Exhibit #3 Question #8] [Arrived at the 18:52] [Exhibit #1]

As the Supreme Court has instructed, "only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred."  *Terry v. Ohio, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).*

As in the instant case, officers had no statutory or other lawful authority permitting them to detain Gestewitz for the purpose of issuing him a trespass warning.  This is because, at  the  time the  officers detained Gestewitz for  warning purposes, there was no reasonable suspicion that Gestewitz committed the crime of trespass, as a trespass warning is a prerequisite to that crime. *Gestewitz v State of Florida 4th District Court of Appeal of the State of Florida No 4D08-3647*

1   Section 810.08(1) states: Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and

refuses to do so, commits the offense of trespass in a structure or conveyance.

2. Section 810.08(3), Florida Statutes (2006), states: As used in this section, the term "person authorized" means any owner or lessee, or his or her agent, or any law enforcement officer whose department has received written authorization from the owner or lessee, or his or her agent, to communicate an order to depart the property in the case of a threat to public safety or welfare.

Defendants Knight and Voss can be seen leaving the scene at the [24:55] timestamp of the video.

Defendants Knight and Voss were asked the same question during Rule 33 Interrogatories : [Exhibit #3 Question #14] [ Exhibit #4 Question #14]

Question: 'On the date of May 7, 2021 when you responded (to) 7375 Powell Rd. Wildwood Fl. who was the Sumter County Fl. authorized person that verbally directed you to issue a trespass notice to James F. Lewis.'

Defendants Knight and Voss sworn answer: "Mr. Lewis was warned to depart the premises at the request of Bradley Arnold." [Exhibit #3 Question #14] [Exhibit #4 Question #14]

Both Knight and Voss when questioned in their Interrogatories: 'Did you in fact issue a trespass warning and detain James F. Lewis on May 7, 2021 at the location of 7375 Powell Rd. Wildwood FI?

Defendants Knight and Voss identical ANSWER: "I told Mr. Lewis Bradley Arnold wanted him trespassed from the property. I did not detain Mr. Lewis." [Exhibit #3 Question # 12] [exhibit #4 Question # 12]

When asked in their Interrogatories this question: 'Explain in detail the events of May 7, 2021 leading up to your detaining and issuing a trespass warning to James F. Lewis at 7375 Powell Rd. Wildwood FI.'

Defendants verified answer: "I did not detain or issue a trespass warning to

James F. Lewis at 7375 Powell Road, Wildwood, FL on May 7, 2021." [Exhibit #3 question #3] [ Exhibit #4 Question #3]

The video footage clearly and unmistakenly shows the Defendants replying "yes" when Plaintiff questioned if he was being detained." [Video timestamp 23:06]

Not only were the Defendants willfully overstepping their authority and imposing their will upon the Plaintiff on May 7, 2021 by coercing and unlawfully issuing a trespass warning and seizing the Plaintiff without authorization of law, they flagrantly lied to the Plaintiff under sworn oath in their Interrogatories and induced a fraud against this Court with more documented dishonesty removing any integrity and confirming they have no respect for the justice system.

Shortly after the fact of being unreasonably detained by the Defendants while being issued the trespass warnings from Knight and Voss the Plaintiff on July 15, 2021 requested Bradley Arnold in a 'Formal Plea/ Redress of Grievances to have the Trespass Warning removed so that he could enter the address of 7375 Powell Rd. Wildwood Fl..without fear of arrest.' [Exhibit #5]

The official reply received on July 27, 2021 in response to the Plaintiffs formal plea to remove the trespass warning issued by the Defendants. After an investigation by the Sumter County Attorney, Jennifer Rey the official statement conveyed to the Plaintiff that "There is no "trespass warning" to be removed." [Exhibit #6]

These documents within the preponderance of evidence standard prove that the Defendants were acting outside of their legally vested authority when they unreasonably seized the Plaintiff, coerced him into exiting the public building and unreasonable blocked his reentry back into the public building without legal authority which restricted the Plaintiffs freedom of movement thus violating his 4th

Amendment Rights.

And, in this instant case Bradley Arnold verified answers that he did not verbally issue a trespass warning to the Plaintiff and that he does not recall instructing the Defendants to have the Plaintiff removed from the property on May 7, 2021[Exhibit #3] (Bradley Arnold is the County Administrator for Sumter County who works under the direction of the Sumter County Fl. County Commissioners and has direct control of the building located at 7375 Powell Rd. Wildwood Fl. as the owner/lessee per Florida State Statute 810.08(1)(3)).

## Conclusion

For the unreasonable seizure and verified material facts set forth above, Complainant/Plaintiff respectfully requests that the Court grant his Motion for Summary Judgment per Federal Rules of Civil Procedure Rule 56.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned conferred with the Defendants Attorney Mr. Lecakes on March 3, 2025 via e-mail. Mr. Lecakes is opposed to the Motion for Summary Judgement.

## CERTIFICATE OF SERVICE

This document is being hand delivered to the Clerk Of Courts in Ocala Florida and service shall be through the Court's transmission facilities on all persons appearing before this Court. Additionally, a copy of the above document will be

provided via USPS Mail service to the Attorney to be Notified below.

Respectfully submitted on March 24, 2025.

/s/ *James F. Lewis pro se*

James F. Lewis
424 Mark Dr. Lady Lake Fl. 32159
EMAIL: mnt1n@hotmail.com
PHONE: 440-413-8360

Nicholas A. Lecakes
Coppins Monroe, P.A.
2316 Killearn Center Bvld.
Tallahassee, Fl 32309
Office: 850-422-2420
nlecakes@coppermonroe.com