UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES F. LEWIS,

    Plaintiff,

v.                                          Case No. 5:24-cv-00013-MMH-PRL

BRADLEY ARNOLD, et al.,

    Defendants.
_____/

## SCSO DEFENDANTS' MOTION TO STAY PENDING CLOSE OF PLEADINGS AND TO EXTEND DEADLINES IN INITIAL SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 7, and M.D. Fla. Loc. R. 3.01, Defendants Voss and Knight of the Sumter County Sheriff's Office ("SCSO Defendants") request the Court stay the deadline for them to respond to Plaintiff's Motion for Summary Judgment until after the Court rules on their Motion to Dismiss, and extend the deadlines contained in the Court's Initial Scheduling Order [Doc. 49] should the Motion to Dismiss be denied. In support of this Motion, the SCSO Defendants state:

1.     *Pro se* Plaintiff James F. Lewis initiated this lawsuit with the filing of a Complaint on January 8, 2024. [Doc.1]. The suit relates to Plaintiff being issued a trespass warning at the Sumter County Tax Collector's Office on May 7, 2021 by the Wildwood Police Department.

2. The Court *sua sponte* entered an Order striking Plaintiff's Complaint, finding that it constituted an impermissible "shotgun pleading" [Doc.6], and Plaintiff filed an Amended Complaint [Doc.19].

3. This Court allowed further amendment to accomplish Plaintiff's expressed intent to change the names of the SCSO Defendants. [Doc.33].

4. On March 12, 2024, Plaintiff filed the pending Second Amended Complaint [Doc.39]. Besides correcting the names of the SCSO Defendants, Plaintiff took the liberty of including the SCSO Defendants in additional "claims for relief," alleging they were part of a "conspiracy against rights."

5. On March 20, 2024, the SCSO Defendants moved to dismiss the Second Amended Complaint, arguing, in part, that it again constituted an impermissible "shotgun pleading." [Doc. 46].

6. On March 25, 2024, the Court issued a Case Management Order with the following Deadlines [Doc. 49]:

Deadline for completing discovery and filing motions to compel – **February 28, 2025**

Deadline for filing dispositive and Daubert motions – **April 15, 2025**

Deadline for Mediation – **April 1, 2025**

7. On December 4, 2024, a Report and Recommendation was issued recommending the SCSO Defendants' Motion be granted, but that Plaintiff also be permitted to file a Third Amended Complaint. [Doc. 82].

8. The Court then issued an Order adopting the Report and Recommendation, granting the SCSO Defendants' Motion to Dismiss, and allowing Plaintiff until February 25, 2025 – three days prior to the discovery deadline in the Initial Scheduling Order – to file a Third Amended Complaint. [Doc. 83].

9. On February 25, 2025, Plaintiff filed a Third Amended Complaint, which is now the operative Complaint in this action. [Doc. 85].

10. On March 4, 2025, the SCSO Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint. [Doc. 86]. The Motion is pending before the Court.

11. Plaintiff did not file a Response pursuant to M.D. Fla. Loc. R. 3.01(c), which goes on to state that, "If a party failed to timely respond, the motion is subject to treatment as unopposed."

12. Instead, on March 25, 2025, Plaintiff filed a Motion for Summary Judgment. [Doc. 89].

13. Based on the insufficiency of Plaintiff's prior Complaints, the SCSO Defendants have not been on sufficient notice of the exact claim(s) brought against them until three days prior to the original discovery deadline.

14. In the interest of judicial economy and fairness, the SCSO Defendants request a determination be made on their Motion to Dismiss and

the pleadings "close" before the SCSO Defendants are required to respond to Plaintiff's Motion for Summary Judgment and attend court-ordered mediation.

15. At this time, the SCSO Defendants' Response to Plaintiff's Motion for Summary Judgment would be a cross-motion for Summary Judgment, which essentially recycles the arguments made in their Motion to Dismiss.

16. Essentially, the SCSO Defendants have argued on a Motion to Dismiss that the incorporated video footage shows Plaintiff's Fourth Amendment rights were not violated. Meanwhile, Plaintiff has now argued on a Motion for Summary Judgment that the same video footage shows his Fourth Amendment rights were, in fact, violated.

17. Staying Defendant's Response to Plaintiff's Motion for Summary Judgment deadline, and extending the discovery and mediation deadlines pending the close of the pleadings, would not prejudice any party to this action. If anything, the SCSO Defendants' would be prejudiced by the deadlines imposed by a Scheduling Order filed over a year ago, when Plaintiff filed the operative Complaint a mere month ago.

**WHEREFORE**, the SCSO Defendants respectfully request the Court stay the deadline for them to respond to Plaintiff's Motion for Summary Judgment until after the Court rules on their Motion to Dismiss, and extend the deadlines contained in the Court's Initial Scheduling Order should the Motion to Dismiss be denied.

## MEMORANDUM OF LAW

In accordance with M.D. Fla. Loc. R. 3.01, the SCSO Defendants offer the following Memorandum of Law in support of their Motion.

A District Court has broad discretion to stay proceedings as a part of its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned conferred with Mr. Lewis via e-mail on March 27, 2025. Mr. Lewis is opposed to the Motion.

Respectfully submitted this 28th day of March 2025.

*/s/ Nicholas A. Lecakes*



William B. Armistead, (FBN: 88535)
Nicholas A. Lecakes, (FBN: 104771)
warmistead@coppinsmonroe.com
nlecakes@coppinsmonroe.com
jclark@coppinsmonroe.com
dcharise@coppinsmonroe.com
COPPINS MONROE, P.A.
2316 Killearn Center Blvd, Ste. 202
Tallahassee, FL 32309
Office: 850-422-2420 | Fax: 850-422-2730
ATTORNEYS FOR DEFENDANTS
VOSS AND KNIGHT

## CERTIFICATE OF SERVICE

5

Pursuant to Federal Rule of Civil Procedure 5(b)(3), this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court. Additionally, a copy of the above document has been provided this <u>19th</u> day of March 2024 to Plaintiff pro se, electronic mail at mnt1n@hotmail.com.

*s/ Nicholas A. Lecakes*
Attorney
