UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JAMES F. LEWIS,**

    **Plaintiff,**

v.                                         Case No: 5:24-cv-13-MMH-PRL

**JOHN KNIGHT, et al.,**

    **Defendants.**

## ORDER

On February 25, 2025, Plaintiff filed his Third Amended Complaint against Defendants Shannon Voss and John Knight. (Doc. 85). On March 4, 2025, Defendants Voss and Knight filed a motion to dismiss. (Doc. 86). Initially, rather than filing a response to the motion to dismiss, Plaintiff filed a motion for summary judgment. (Doc. 89).[1] Defendants then filed the instant motion requesting that a determination be made on their motion to dismiss before they are required to respond to Plaintiff's motion for summary judgment, and that if the motion to dismiss is denied, that the deadlines in the Court's case management and scheduling order (Doc. 49) be extended. Then before the Court issued its ruling on the motion, Defendants filed their response to Plaintiff's motion for summary judgment. (Docs. 98,99). Upon due consideration, Defendants' motion (Doc. 92) is granted to the extent stated below.

In Plaintiff's most recent Complaint, he asserts one claim against Defendants for unreasonable detainment in violation of the Fourth Amendment. A "preliminary peek" at

---

[1] On April 2, 2025, the district judge ordered Plaintiff to file a file a response to Defendants' motion to dismiss (Doc. 95), which he has now done. (Doc. 96).

Defendants' motion to dismiss (as well as the response to the motion for summary judgment) reveals that questions of immunity are raised, and the resolution of those questions could dispose of the claim brought against Defendants. The Eleventh Circuit has held that "[t]he defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). "[S]ubjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection [that] immunity was meant to afford." *Redford v. Gwinnett County Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009) (citing *Blinco*, 366 F.3d at 1252). "The privilege is an <u>immunity from suit</u> rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quotation and citation omitted). And courts have made clear that it should apply "at the earliest possible stage of litigation." *Id.*, 533 U.S. at 201 (quotation and citation omitted).

Given the posture of the case and the arguments raised in the motion to dismiss, the Court agrees that it is appropriate to stay the deadlines established in the Case Management and Scheduling Order until after the Court has resolved the motion to dismiss. The deadlines established in the Case Management and Scheduling Order (Doc. 49) are hereby stayed pending further order of the Court.

DONE and ORDERED in Ocala, Florida on April 16, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

- 3 -

Counsel of Record
Unrepresented Parties

Case 5:24-cv-00013-MMH-PRL   Document 101   Filed 04/16/25   Page 3 of 3 PageID 697