UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JAMES F. LEWIS,**

**Plaintiff,**

v.                                                   Case No. 5:24-cv-00013-MMH-PRL

**DETECTIVE JOHN KNIGHT**

**and DETECTIVE SHANNON VOSS,**

**Defendants,**

_____/

## PLAINTIFFS RESPONSE TO DEFENDANTS CROSS CLAIM FOR SUMMARY JUDGEMENT.

Pursuant to Rule 56, Federal Rules of Civil Procedure, and Local Rule 3.01(c), Plaintiffs response in opposition to Defendants Cross Claim motion for summary Judgment.

1. Both parties agree that Pro se Plaintiff James F. Lewis filed his Third Complaint under Order of the Honorable Judge Marcia Howard . The Honorable Judge followed the Report and Recommendations of the Magistrate Judge Lammon stating that " In light of the Court's determination that Lewis should be permitted to file a third amended complaint, the Court need not adopt those parts of the Report addressing the merits of Lewis's claims at this time. Nevertheless, the undersigned reviewed those sections and finds the reasoning and conclusions sound." [Docket 83]

2. Both parties agree that Plaintiffs filed the Third Amended Complaint stating that the Defendants violated his 4th Amendment rights by unreasonably detaining him while acting under color of law. The 42 U.S.C. section 1983 Deprivation of Rights claim is against the Defendants for violating his Fourth Amendment rights.

3. Both parties agree that Plaintiff filed his Motion for Summary Judgement on March 24, 2025. [Docket 89]

4. It is a material fact that both parties in this matter have no objections to the incorporated video evidence, and that both filed Motions utilizing the incorporated unedited video evidence in their Motions. 'A GENTLEMANS DAY OUT PART 2 UNEDITED, THE 2ND DAY'
https://youtu.be/kxLGATV5_9Q?si=7AJ3RP0A7tNRY6Jr

5. Both parties are in agreement that on May 7, 2021, Plaintiff appeared at the Sumter County Tax Collector's office at the Villages-Sumter County Service Center ("Service Center"), to make a public records request.

6. Both parties agree that there was a call for service and that the Defendants responded to the location of 7375 Powell Rd. Wildwood Fl.

7. Both parties agree that Sumter County Fl. County Administrator Bradley Arnold made a non-emergency call to the Sheriff's Office to report a 'trespassing' at 7375 Powell Rd. Wildwood Fl., which is a Sumter County government building open to all citizens to engage in legitimate business activities such as being invited and authorized by virtue of law to request public records.

8. Both parties agree that there is no question or issue of material fact that the Defendants were detaining the Plaintiff to issue paperwork for a trespass

warning.

9. Both parties agree that there is no question or issue of material fact that the Defendants were acting under color of their authority as State agents.

## BACKGROUND OF THE CASE

This case arises from events that occurred on May 7, 2021, at The Villages-Sumter County Service Center located at 7374 Powell Road, Wildwood Florida. The building contains a public library, Tax Collector's lobby and offices, Supervisor of Elections lobby and offices, County Commissioners' offices, a Veterans Assistance office, a conference room, and employee offices.

**Video Footage:**

However, there are two exceptions to this rule of conversion: (1) the incorporation by reference doctrine and (2) judicial notice. Tellabs, Inc. v. Makor Issues & Rtds., Ltd., 551 U.S. 308, 322 (2007). Under the incorporation-by-reference doctrine, a court may consider evidence attached to a motion to dismiss without converting the motion into one for summary judgment if (1) "the plaintiff refers to certain documents in the complaint," (2) those documents are "central to the plaintiff's claim," and (3) the documents' contents are undisputed. Horsley v. Feldt, 304 F. 3d 1125, 1134 (11th Cir. 2002). Recently, the Eleventh Circuit held that even if a document is not referred to in the complaint, it can be considered under the incorporation-by-reference doctrine long as the other two requirements are met. Johnson v. City of Atlanta, Case No. 22-11359, 2024 WL 3384936, * (11th Cir. July 12, 2024). Evidence is

"undisputed" in this context if its authenticity is unchallenged. Id. While the rule traditionally has applied to documentary evidence; the Eleventh Circuit has expanded its application to video footage as well. Baker v. City of Madison, Alabama, 67 F. 4th 1268, 1277 (11th Cir. 2023).

Plaintiff alleges that he has "proof of his allegations" which include "emails, phone records and unedited video evidence." (Doc. 39 at ¶33). Plaintiff does not dispute that the video footage is authentic and that its contents are central to his claims. Accordingly, the Court finds that the video is incorporated by reference. Where video footage has been incorporated-by-reference, a court is not required to accept a Plaintiff's allegations as true if they are clearly contradicted by the video footage. Pourmoghani-Esfahani v. Gee, 625 F. 3d 1313, 1315 (11th Cir. 2010). This is because courts need not rely on "visible fiction." Scott v. Harris, 550 U.S. 372, 381 (2007).

## LEGAL STANDARD OF F.R.C.P. Rule 56

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the record taken as a whole could lead a rational factfinder to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)

A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. A fact is "material" if it "might affect the outcome of the suit under the governing law." Id. The nonmoving party must show more than the existence of a "metaphysical doubt" regarding

the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).

When reviewing a motion for summary judgment, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of that party. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009). However, where objective evidence, such as a video, contradicts the Defendants testimony, the Court must view the evidence as reflected in the video.

### Constitutional Claims

Plaintiff purports to allege various constitutional claims under 42 U.S.C. § 1983. Any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. A plaintiff may recover for a violation of his constitutional rights pursuant to § 1983 under a theory of individual liability or governmental liability. It is well established that government agents are "shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To establish personal liability against a government agent for a constitutional wrong the facts alleged by Plaintiff must contain sufficient allegations to show that the individual personally participated in the alleged constitutional violation. See, e.g., Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003).

Plaintiff alleges that he suffered a violation of his Fourth Amendment rights to be free from unreasonable searches and seizures. A seizure under the Fourth Amendment occurs when an officer, by means of physical force or show of authority terminates or restrains a person's freedom of movement through means intentionally applied. Chandler v. Secretary of Fla. Dept. of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012). A Fourth Amendment search occurs upon intrusion into an individual's private sphere in which the individual seeks to preserve something as private and has an expectation of privacy that society is prepared to recognize as reasonable. Carpenter v. United States, 585 U.S. 296, 424 (2018).

Plaintiff argues in his papers that the Defendants unlawfully detained him while processing the trespass warning, in violation of the Fourth Amendment's prohibition against unreasonable seizures. (Doc. 67 at 19-21). Under the Florida trespass statute, a police officer may issue a trespass warning for unauthorized entrance into a structure but does not have the legal authority to conduct an investigatory stop or arrest for trespass unless the owner or his agent first warned the potential trespasser. See § 810.08(1), Fla. Stat. (2006); S.N.J. v. State, 17 So.3d 1258, 1259 (Fla. 2d DCA 2009) (stating that Florida's criminal trespass statute "requires that notice be given before a person can be guilty of trespassing on property," and that individuals "c[an] be legally detained for trespassing only if they were first warned to leave the property"); Gestewitz, 34 So.3d at 834–35(observing that officers illegally detained a defendant when they told him that he was not free to leave until they processed his trespass warning).

Here, the incorporated video footage shows that Plaintiff was given conflicting information about whether he was detained while the trespass warning was being processed. Plaintiff points to the section of the video in which he asked "Am I

being detained? (23:04), to which Voss responded "Yes" and Knight said, "Yes, until you get your warning." Defendants focus on an excerpt less than a minute later when Detective Knight explained the status of the call to Plaintiff and Plaintiff asked, "So, I'm being --," to which Detective Knight responded, "No, you can leave. You're welcome to leave." (23:51-24:07). Because Plaintiff was advised at one point that he was being detained while law enforcement processed his trespass warning, the Court cannot say that Plaintiff cannot state a claim for an unreasonable seizure under the Fourth Amendment against the Defendants.

**CONCLUSION: There are no genuine dispute about the key facts of the case.**

---

Both parties are in agreement that on May 7, 2021, Plaintiff appeared at the Sumter County Tax Collector's office at the Villages-Sumter County Service Center ("Service Center"), to make a public records request.

There is no question or issue of material fact that the Defendants were detaining the Plaintiff to issue paperwork for a trespass warning.

Both parties agree that there is no question or issue of material fact that the Defendants were acting under color of their authority as State agents.

Due to the issues stated above in this matter, the Plaintiff request that he his Federal Rules of Civil Procedure Rule 56 Motion for Summary Judgement be granted.

Respectfully submitted this 25th day of April 2025.

*s/ James F. Lewis*

James F. Lewis
424 Mark Dr. Lady Lake Fl. 32159
Email: mntln@hotmail.com
Phone: 440-413-8360

## CERTIFICATE OF SERVICE

I Hereby certify that of the 25th day of April 2025 that a copy was hand delivered to The Clerk of Court in Ocala Fl. And that a copy was delivered via the emails provided below.

Services to the below stated persons.

/s/ Nicholas A. Lecakes William B. Armistead, (FBN: 88535) Nicholas A. Lecakes, (FBN: 104771) warmistead@coppinsmonroe.com nlecakes@coppinsmonroe.com jclark@coppinsmonroe.com COPPINS MONROE, P.A. 2316 Killearn Center Blvd, Ste. 202 Tallahassee, FL 32309 Office: 850-422-2420 Fax: 850-422-2730 ATTORNEYS FOR DEFENDANTS VOSS AND KNIGHT